IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GLORIA L. LANE                                                                                    PLAINTIFF

v.                              Civil No. 12-3099

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gloria L. Lane , brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"); 42 U.S.C. § 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

Plaintiff applied for SSI on February 18, 2010. (Tr. 12.) Plaintiff alleged an onset date of April 16, 1983. (Tr. 12.) Plaintiff alleged learning disability, history of brain tumor, headaches, poor peripheral vision, back pain, and short term memory loss. (Tr. 141.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on March 17, 2011. (Tr. 35.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Sarah Moore. (Tr. 35.)

At the time of the administrative hearing, Plaintiff was 28 years old, and possessed a high school diploma, special education track. (Tr. 142.) The Plaintiff had no past relevant work experience ("PRW").

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On April 13, 2011, the ALJ concluded that Plaintiff suffered the following severe impairments: "cognitive disorder, chronic depression, cervical disk protrusion, headaches, low vision, and learning disability." (Tr. 14.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, "except that she cannot do work requiring excellent vision, but she can avoid hazards in the work place and can distinguish between shape and color of small objects, such as screws, nuts, and bolts. The claimant can do work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved, and the supervision is simple, direct, and concrete." (Tr. 16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as housekeeper, small product assembler, and machine tender. (Tr. 21.)

Plaintiff requested a review by the Appeals Council on April 21, 2011. (Tr. 7.) The Appeals Council denied the appeal on June 15, 2102. (Tr. 1.)

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the

Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

**III. Discussion**

Plaintiff raises two issues on appeal: 1) the ALJ erred in evaluating the Plaintiff's credibility; and 2) the ALJ's Overall RFC is not supported by medical evidence. (Pl.'s Br. 12, 15.) Because this

AO72A
(Rev. 8/82)

Court finds that the ALJ failed to fully develop the record concerning the Plaintiff's brain MRI evidence, issue 1 will not be addressed.

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exists "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) (quoting *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). Once the ALJ is made aware of a crucial issue that might change the outcome of a case, the ALJ must conduct further inquiry to fully develop the record. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004.); *see e.g. Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (ALJ's failure to recontact Commissioner's consultative physician to authenticate his report was reversible error when that report supported Plaintiff's claim); (*Lorence v. Astrue* , 691 F. Supp. 1008, 1027 (D. Minn. 2010)(failure to analyze important objective evidence in a claimant's file is reversible error).

This Court is troubled by the ALJ's failure to develop the record concerning the results of Plaintiff's brain MRI performed at Baxter Regional Medical Center on December 31, 2010. (Tr. 374.) The MRI was ordered by Plaintiff's treating physician Dr. Lonnie Robinson and interpreted by Dr. Kyle McAlister. (Tr. 374.) Dr. McAlister's impression of the scan was of a

"[m]arkedly abnormal study with elliptical fluid collection along the temporal lobe, as well as elliptical fluid collection along the anterior frontal aspect. This compresses the left frontal region to some degree...She is having headaches and there is enlargement of the left ventricle...The most concerning findings are these elliptical fluid collections along the frontal aspect on the left side, as this may be actually trapped fluid that is increasing in size and causing some compression on the brain."

(Tr. 374-75.) A handwritten notation by Dr. Brad Thomas on January 14, 2011 instructs "Neurosurgery eval <u>ASAP</u>." (Tr. 374-75.)

This MRI is objective medical evidence that could, at least based on the comments of the interpreting physician, support Plaintiff's claim. However, it was not considered by the ALJ. The MRI was performed well after the consultative mental exam performed by Dr. Nichols on April 26, 2010. (Tr.

4

276.) It was also well after the Psychiatric Review Technique completed on May 11, 2010, and the subsequent Requests for Medical Advice in July and August 2010. (Tr. 282.) Therefore the MRI results could not have been included in these assessments. Despite Plaintiff's allegation of headaches, there is no Physical RFC in the record. Therefore the MRI results were not evaluated in regard to Plaintiff's physical function in the workplace. The ALJ did not reference or discuss the MRI in his opinion, therefore he failed to analyze objective evidence that could be crucial to Plaintiff's claim. Once the ALJ was made aware of objective medical evidence that could support Plaintiff's claim, he had a duty to fully and fairly develop the record concerning it. He did not.

On remand, the ALJ is directed to order a consultative examination for Plaintiff with a neurologist. This physical exam must include a Physical RFC Assessment. The ALJ must then include the limitations, if any, assessed in this RFC in hypotheticals to the VE.

## IV. Conclusion

Accordingly, we conclude that The ALJ's decision is not supported by substantial evidence and should be reversed and remanded to The Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of February 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)